Bret A. Stone SBN 190161 BStone@PaladinLaw.com
Kirk M. Tracy SBN 288508 KTracy@PaladinLaw.com
Brian R. Paget SBN 168694 BPaget@PaladinLaw.com
PALADIN LAW GROUP® LLP
220 W. Gutierrez Street
Santa Barbara, CA 93101
(805) 898-9700

Counsel for Charles H. Stoll, individually and as trustee for the Stoll Main Street Trust

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES H. STOLL, individually and as trustee for the Stoll Main Street Trust,<br><br>*Plaintiff*,<br><br>*v.*<br><br>TIMOTHY EWING, *et al.*,<br><br>*Defendants*. | Case No. 3:17-cv-02226-VC<br>Assigned to Judge Vince Chhabria<br><br>**[~~PROPOSED~~] ORDER RE: DISMISSAL**<br><br>Action filed: April 21, 2017 |
| AND RELATED CROSS-ACTIONS. | |

Plaintiff and counter-defendant CHARLES H. STOLL ("Stoll"), defendant, counter-claimant, cross-claimant, cross-defendant, and third party plaintiff SHARON SCHUYLER ("Schuyler"), defendants, counter-claimants, cross-claimants, cross-defendants, and third party plaintiffs TIMOTHY EWING and JANICE EWING (the "Ewings"), and defendant, counter-claimant, cross-claimant, and cross-defendant ESTATE OF ARTHUR H. PLATO, JR., DECEASED ("Plato") (collectively, the "Settling Parties"), entered into a series of settlement agreements in this action, *see* Dkt. No. 248 at ¶¶ 3–7, and recently filed a Stipulation of Dismissal with Prejudice of Settling Parties' Claims Against Each Other, *see* Dkt. No. 275.

Having considered the Stipulation of Dismissal with Prejudice of Settling Parties' Claims Against Each Other and good cause appearing therefor, the Court dismisses <u>with prejudice</u> the

Settling Parties' claims against each other, including as set forth in:

| | |
|---|---|
| Dkt. No. 8 | The Ewings' Counterclaim and Crossclaim |
| Dkt. No. 14 | The Ewings' Third Party Complaint |
| Dkt. No. 18 | Stoll's First Amended Complaint |
| Dkt. No. 55 | Schuyler's Counterclaim and Crossclaim |
| Dkt. No. 65 | Plato's Counterclaim |
| Dkt. No. 66 | Plato's Crossclaim |
| Dkt. No. 105 | Schuyler's First Amended Third Party Complaint |

*See* Dkt. No. 275 at 2:18–28.

The Court also dismisses without prejudice all claims against Gregory Schuyler because Sharon Schuyler filed a suggestion of his death on May 12, 2022, *see* Dkt. No. 164-1, and no motion for substitution was filed within 90 days thereafter, in which case, Federal Rule of Civil Procedure 25(a)(1) provides "the action shall be dismissed as to the deceased party." *See* Dkt. No. 275 at n. 1; *cf.* Dkt. No. 171.

The Court also dismisses without prejudice Sharon Schuyler's and Gregory Schuyler's third party claims against third party defendant Echco Sales Company, which has not been served and has not appeared in this action. *See* Dkt. No. 182 at 3:9-15; Dkt. No. 275 at n. 1.

IT IS SO ORDERED.[1]

Dated: November 13, 2026

Vince Chhabria
United States District Judge

[1] Upon the filing of this Order Re: Dismissal, this action shall be administratively closed and taken off the Court's active docket, but shall not be permanently closed, as the Court will be retaining jurisdiction over the action: (1) to interpret and enforce the Settling Parties' settlement agreements; (2) to hear and rule on any good faith settlement determination motion; and (3) to interpret and enforce any resulting order on such a motion. *See* Dkt. No. 262 at 1:26–2:4.